UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ERICA POUNCIE, LINDSEY GONZALES, and NICHOLE ANDREWS-CODDINGTON  Plaintiffs, | § § § § § § | |
| v. | § § | CIVIL ACTION NO. 3:15-CV-0511-B |
| DLORAH, INC., d/b/a NATIONAL AMERICAN UNIVERSITY  Defendant. | § § § § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Dlorah, Inc. d/b/a National American University's ("NAU") First Amended Motion to Dismiss Claims of Plaintiff Lindsey Gonzales, or Alternatively, to Sever Gonzales's Claims and Transfer Venue. Doc. 18. After due consideration, and for the reasons that follow, the Court concludes that NAU's motion should be, and hereby is, **DENIED**.

### I.

### BACKGROUND

This is an action for unpaid overtime wages under the Fair Labor Standards Act ("FLSA"). Plaintiffs are former employees of NAU, a private, for-profit university with campuses in multiple states. Plaintiffs Pouncie and Andrews-Coddington worked as Admissions Advisors at NAU's Allen, Texas campus and Plaintiff Gonzales in the Albuquerque, New Mexico office. Plaintiffs allege that "[NAU] had a company-wide policy[,] instituted by Defendant's central administration, that

required Admissions Advisors at all of its locations, including those in Texas and New Mexico where Plaintiffs were employed, to make their personal mobile phone numbers available to students at [NAU]." Am. Compl. ¶ 20. They further assert that "[NAU] required that its Admissions Advisors, including Plaintiffs, respond to calls and texts from students and meet students in person in the evenings and on weekends." *Id.* Plaintiffs claim, however, that NAU routinely failed to pay them for this after-hours work that they performed in excess of forty hours per week. *Id.* ¶ 23.

Plaintiffs filed suit under Section 216(b) of the FLSA on behalf of themselves and all similarly situated employees on February 12, 2015. Before Plaintiffs could move for certification of their collective action, however, NAU filed the instant motion to dismiss Plaintiff Gonzales, or alternatively, to sever and transfer her claim. Having been fully briefed, that motion is now ready for review.

## II.

## LEGAL STANDARD

Rule 20 permits joinder of multiple plaintiffs in a single action if (1) "they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences;" and (2) "any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20. For a plaintiff to be properly joined, both prongs of Rule 20 must be met.

Rule 21 provides that where a party has been misjoined under Rule 20, a court may drop the misjoined party or sever the claims asserted by that party and adjudicate them separately. Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party."); *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 520 (5th Cir. 2010). Even where

a party is not misjoined under Rule 20, "district courts have the discretion to refuse joinder in the interest of avoiding prejudice and delay, ensuring judicial economy, or safeguarding principles of fundamental fairness." *Acevedo*, 600 F.3d at 521 (citations omitted). Such discretion should be exercised carefully, however, because "joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966).

## III.

## ANALYSIS

NAU moves to dismiss Plaintiff Lindsey Gonzales, or in the alternative, to sever her claim and transfer it to the Albuquerque Division of the U.S. District Court for the District of New Mexico, both on the grounds that she has been misjoined under Rule 20 and on the grounds that allowing her to proceed jointly with Plaintiffs Pouncie and Andrews-Coddington would prejudice NAU and undermine principles of fundamental fairness.

A.     *Misjoinder*

NAU first moves the Court to dismiss Plaintiff Lindsey Gonzales, or alternatively, to sever and transfer her claim, on the grounds that she was misjoined under Rule 20. Plaintiffs are properly joined "when (1) their claims arise out of the 'same transaction, occurrence, or series of occurrences' and when (2) there is at least one common question of law or fact linking all claims." *Acevedo*, 600 F.3d at 521.

NAU contends that the Rule 20 requirements are not satisfied in this case, because there is no factual connection between Plaintiff Gonzales's claim for overtime wages and those of Plaintiffs Pouncie and Andrews-Coddington. Def.'s Br. 7–8. To support this contention, NAU offers the affidavit of Trina Allen, National American University's System Director of Human Resources. Doc.

18-2, Affidavit of Trina Allen. Ms. Allen states, among other things, that Plaintiff Gonzales worked at a different campus than Plaintiffs Pouncie and Andrews-Coddington, for a different time period, and that decisions regarding her overtime pay were made by a different supervisor. *Id.* ¶¶ 4–15. In light of these factual incongruities, NAU further posits that the allegations in Plaintiffs' Complaint are insufficient to establish that NAU maintained a university-wide policy to deprive Admissions Advisers of overtime pay. The Court cannot agree.

For the permissive joinder of parties to be proper, a plaintiff need only allege, rather than prove, a pattern or practice of illegal conduct, at least when the plaintiff has not yet had the opportunity to conduct discovery. *Afabor v. Racetrac Petroleum, Inc.*, No. 3:05-CV-2255 (2006 WL 1343636, at *3 (N.D. Tex. May 15, 2006) ("While the evidence submitted by Plaintiffs may not yet conclusively establish the existence of a company-wide illegal policy, the relevant legal authority requires the plaintiffs to allege, not prove, a pattern of illegal conduct to merit the proper joinder of parties." (internal quotations and citations omitted)); *Battison v. City of Electra*, No. 7:01-CV-037-R, 2001 WL 497769, at *2 (N.D. Tex. May 8, 2001) ("Where a claim is based on a . . . practice of conduct, such conduct can constitute the 'series of transactions or occurrences' required by Rule 20(a)."); *King v. Ralston Purina Co.*, 97 F.R.D. 477, 480 (D.N.C. 1983) ("Common sense says that claims alleged to be part of a 'pattern and practice' satisfy both the 'transaction' and the 'common question' requisites of Rule 20(a)."). For example, in *Afabor*, fifteen former employees of an interstate convenience store chain brought a single suit against their former employer for wage and hour violations under the FLSA. 2006 WL 1343636, at *3. The defendant moved under Rule 21 to drop the plaintiffs from the suit on the grounds that they did not satisfy Rule 20's "same transaction or occurrence requirement." *Id.* In support of its motion, the defendant presented deposition testimony

suggesting that there was no uniform pay policy in each store, much less a company-wide policy. *Id.* Nevertheless, because the plaintiffs alleged that the defendant had a company-wide policy requiring employees to work "off-the-clock" without pay, the court found that the plaintiffs could proceed jointly under Rule 20. *Id.* Similarly, in *King*, an action for employment discrimination under the ADEA, the court refused to sever the plaintiffs' claims even though each plaintiff worked in a different state and different department within the defendant company. *King*, 97 F.R.D. at 480. Central to the court's analysis, the plaintiffs alleged "that [they were] discriminated against as part of a pattern and practice . . . throughout its many regions and divisions." *Id.*

Here, Plaintiffs allege that "NAU had a company-wide policy[,] instituted by NAU's central administration, that required Admissions Advisors at all of its locations, including those in Texas and New Mexico where Plaintiffs were employed, to make their personal mobile phone numbers available to students at National American University ("NAU"). Am. Compl. ¶ 20. Further, Plaintiffs aver that "NAU required that its Admissions Advisors, including Plaintiffs, respond to calls and texts from students and meet students in person in the evenings and on weekends[,]" but routinely refused to pay them for this after-hours work. *Id.* ¶¶ 20, 23. Upon review, and in light of the fact that Plaintiffs have not yet been afforded the opportunity to conduct discovery, the Court finds Plaintiffs' allegations of a company-wide policy to deprive employees of compensation for after-hours work sufficient to satisfy Rule 20's "same transaction or occurrence" requirement, as well as its "common question of law or fact" requirement.

B.   *Unfair Prejudice and Judicial Economy*

NAU next moves to dismiss Plaintiff Gonzales, or alternatively, to sever and transfer her claim, on the grounds that allowing Plaintiffs to maintain their claims in a single action would

prejudice NAU and undermine principles of fundamental fairness. Def.'s Br. 8–9, 11–12. Specifically, NAU appears to maintain that given the peculiarities of each Plaintiff's claim for unpaid wages—each Plaintiff was allegedly deprived overtime pay during different time periods, worked in different offices, and had different supervisors who were responsible for approving their pay—there is a high risk of jury confusion if Plaintiffs are permitted to try their claims together. *Id.* at 8. NAU also claims that if the Court denies its motion and Plaintiffs subsequently fail to establish that they are similarly situated, the time for venue objections will have passed, and NAU may be unable to secure the testimony of key witnesses who are not subject to this Court's subpoena power. *Id.* at 11–12.

"Ultimately, the decision regarding severance balances convenience and judicial economy against the danger of prejudice and juror confusion." *Afabor*, 2006 WL 1343636, at *4. Here, the Court finds NAU's fears of prejudice and unfairness largely unfounded. First, there is nothing inherently unfair about permitting three plaintiffs to proceed jointly in an FLSA action. *See Allen v. Atl. Richfield Co.*, 724 F.2d 1131, 1135 (5th Cir. 1984) (allowing twenty-two individual plaintiffs to proceed jointly in an FLSA action where their claims arose out of the same series of transactions or occurrences). Moreover, NAU has only identified one witness—Marty Baker—whose testimony is necessary to NAU's defense and who is no longer an employee of NAU. But even if NAU is unable to secure Mr. Baker's in-person testimony at trial, NAU should be able to present his testimony by deposition. Fed. R. Evid. 804. Finally, should the Court subsequently find that Plaintiffs are not similarly situated, NAU may re-urge its motion to sever and transfer.[1]

---

[1] Contrary to NAU's contention, "Section 1404(a) sets no limit on the time when a motion to transfer may be made." Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure, 15 Fed. Prac.

Judicial economy, on the other hand, is greatly advanced by refusing severance at this time, because if the claims were severed, "the same evidence of an alleged pattern or practice would have to be presented in numerous separate trials." *Afabor*, 2006 WL 1343636, at *4. "It is far more convenient and economical for this evidence to be heard in one trial." *King*, 97 F.R.D. at 480. Thus, the Court concludes that the balance of interests weigh in favor of denying NAU's motion and allowing Plaintiffs to proceed jointly under Rule 20.

## IV.

## CONCLUSION

For the reasons discussed above, the Court **DENIES** the Defendant's First Amended Motion to Dismiss Claims of Plaintiff Lindsey Gonzales, or Alternatively, to Sever Gonzales's Claims and Transfer Venue.

**SO ORDERED.**

**SIGNED: September 4, 2015.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

---

& Proc. Juris. § 3844 (4th ed.).